Case 4:20-cv-02424   Document 5   Filed on 07/31/20 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
August 03, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEVEN D. WALKER, (TDCJ-CID #1927071) | § § § § |
| Petitioner, | § § |
| VS. | §   CIVIL ACTION NO. H-20-2424 |
| LORIE DAVIS, | § § § |
| Respondent. | § § |

**MEMORANDUM AND OPINION**

Petitioner, Steven D. Walker seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a disciplinary conviction in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Walker states that the disciplinary conviction was imposed at the LeBlanc Unit. He is currently serving a sentence imposed by a Texas state court.

The threshold issue is whether Walker has stated meritorious grounds for federal habeas relief.

**I.    Background**

On September 13, 2018, prison officials at the LeBlanc Unit conducted a disciplinary hearing in disciplinary case 20190004854. The hearing officer found Walker guilty of an unspecified offense. (Docket Entry No. 1, p. 5). Walker's punishment consisted of a parole set-off for one year. (*Id*. at 5).

On July 9, 2020, this Court received Walker's federal petition. Walker contends that his conviction in disciplinary case 20190004854 is void because he was denied due process. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7).

## II.     Analysis

Procedural protections in the context of prison discipline are not the same as due process in the criminal law context because "[p]rison discipline proceedings are not a part of a criminal prosecution, and the full panoply of rights due a criminal defendant does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Supreme Court has historically held that the Due Process Clause is applicable to disciplinary proceedings where a prisoner is threatened with a loss of good-time or the imposition of solitary confinement. *Id.* The Court held that inmates must be afforded written notice of the claimed violation at least twenty-four hours before a disciplinary hearing, a written statement of the fact finders as to the evidence relied on and reasons, and the right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals.

The Supreme Court subsequently limited challenges to disciplinary cases in *Sandin v. Conner,* 515 U.S. 472 (1995). The Court referred to its discussion in *Wolff v. McDonnell,* regarding solitary confinement, as "dicta." *Id.* The Supreme Court went on to hold that when discipline, even segregated confinement, did not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," there was no "protected liberty interest" that would entitle the inmate to the procedural protections set forth in *Wolff. Id*. at 486.

The Fifth Circuit has applied *Sandin* to a number of situations. Punishment consisting of placement in administrative segregation or the loss of the opportunity to earn good-time is not

enough to trigger the protection of the Constitution. *Luken v. Scott,* 71 F.3d 192 (5th Cir. 1995). The loss of the opportunity to earn good-time will not trigger the protection of the Constitution even when an inmate is eligible for mandatory supervision. *Malchi v. Thaler,* 211 F.3d 953 (5th Cir. 2000). The imposition of commissary and cell restrictions likewise will not trigger the protection of the Constitution. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997). The loss of good-time will not support relief to the extent that it adversely affects parole eligibility. *Sandin,* 515 U.S. at 487. However, the loss of good-time will trigger the protection of the Constitution if, and only if, a prisoner is eligible for release on mandatory supervision. *Madison v. Parker,* 104 F.3d at 769.

Walker's punishment consisted of a postponement of consideration for his release to parole for one year. Walker argues that the Texas Board of Pardons and Paroles improperly denied him parole based on the false disciplinary charges in 20190004854. (Docket Entry No. 1, p. 7). The law is clear that Walker has no constitutional right to parole. *Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995). The Fifth Circuit has expressly held that there is no constitutional expectancy of parole in Texas, *Creel v. Keene,* 928 F.2d 707 (5th Cir. 1991), and no right to be released on parole. *Madison,* 104 F.3d at 768 (citing Tex. Code Crim. P. Ann. art. 42.18, § 8(a)).[1] Because a prisoner has "no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v. Kyle,* 66 F.3d 71, 73-74 (5th Cir. 1995)(citing *Orellana,* 65 F.3d at 32). Walker's argument that he is entitled to be considered for release on parole at a particular time lacks merit.

---

[1] The Fifth Circuit has repeatedly rejected efforts by Texas prisoners to assert a constitutionally-protected interest arising out of state parole statutes. *See Madison v. Parker,* 104 F.3d at 768; *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle,* 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied,* 116 S. Ct. 736 (1996); *Gilbertson v. Tex. Bd. of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keene*, 928 F.2d 707, 709-12 (5th Cir. 1991), *cert. denied,* 501 U.S. 1210 (1991).

Walker's federal petition does not present grounds warranting habeas relief.

### III.  Conclusion

Walker's challenges to his disciplinary conviction lack merit.  This case is DISMISSED. Walker's motion for leave to proceed as a pauper, (Docket Entry No. 2), is GRANTED.  Any remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)).  An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further.  *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001).

Where a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack,* 529 U.S. 484.  This Court will not issue a COA because Walker has not made the necessary showing.

SIGNED at Houston, Texas, on _____July 31_____, 2020.

*[signature]*

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE